Barbara J. WORTHINGTON, Plaintiff,

v.

Robert H. ENDEE, Jr.; The Sheriff's Department of the County of Washington, N.Y.; and The County of Washington, Defendants.

No. 96–CV–1099.

United States District Court, N.D. New York.

Jan. 23, 1998.

114

Whiteman, Osterman & Hanna (D. Scott Bassinson, Carla E. Hogan, of counsel), Albany, NY, for Plaintiff.

Livingston T. Coulter, Schuylerville, NY, for Robert H. Endee, Jr..

Fitzgerald, Morris, Baker, Firth, P.C. (Peter D. Fitzgerald, Veronica Carrozza O'Dell, of counsel), Glens Falls, NY, for Sheriff's Dept. of County of Washington and County of Washington.

### MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

### I. INTRODUCTION

On July 3, 1996, the plaintiff brought an action against the defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 *et seq.;* 42 U.S.C. § 1983; New York Executive Law § 290; and New York Common Law. However, prior to the complaint, defendants The Sheriff's Department of the County of Washington, N.Y. and the County of Washington ("defendants") conducted an investigation regarding the plaintiff's allegations of sexual harassment and misconduct. As a result, a report was produced. A redacted version of the report was delivered to the plaintiff's attorneys as a result of discovery demands.[1]

1. The Court has made an in camera review of both the unredacted and redacted versions of the

Plaintiff now moves for an order compelling discovery of the entire report including the redacted portions. In addition, the plaintiff requests permission to take the deposition of the individual hired to perform the investigation including discovery of the notes produced during the investigation. Defendants oppose plaintiffs motion, and move for a protective order precluding plaintiffs additional discovery demands. Oral argument was heard on December 12, 1997, in Albany, New York. Decision was reserved.

## II. *BACKGROUND*

The plaintiff, Barbara Worthington, resides in West Hebron, New York, and was employed by the Washington County Sheriff's Department. Defendant Robert H. Endee, Jr., ("Endee") resides at Kenyon Hill Road, Cambridge, New York, and was the Sheriff of Washington County between January 1992 and December 1995. Plaintiff alleges that between March 1993 and September 1995, Endee engaged in acts of sexual harassment by making unwelcome verbal remarks and offensive sexual advances toward her. For instance, it is alleged that over a period of time, Endee slapped the plaintiff on the buttocks; grabbed her by the arms, hands, and thighs; and touched her on the head and neck.

It is alleged that in 1994 the plaintiff complained to her immediate supervisor, Joanne Murone ("Murone"). It is further alleged that Murone failed to report her complaints to other officials or take necessary steps to end Endee's offensive and obnoxious conduct. In November of 1994, the plaintiff complained to the Undersheriff, Cliff Howard ("Howard"). She alleges that Howard merely repeated her complaints to Endee and accepted his claim that she was lying, without reporting back to her. In addition, it is alleged that the Undersheriff told Murone that there was nothing more he could do and that he was washing his hands of the situation. Consequently, plaintiff claims that the defendants took no steps to ameliorate the hostile work environment.

report. It is noted that neither version was dated or contained the signature of the investigator,

The defendants deny plaintiff's allegations. In particular, Endee alleges that the plaintiff made unwarranted and untruthful complaints to Murone and Howard. Moreover, Endee denies that any improper conduct occurred and that plaintiff was not subjected to a hostile work environment. Finally, Endee maintains that any conduct toward the plaintiff was not intended to unreasonably interfere with her work performance or alter the conditions of her employment, but rather was intended to better the plaintiff's work performance and the efficiency and smooth operation of the Sheriff's Department. Finally, the defendants maintain that upon learning of the plaintiff's claims of alleged sexual harassment, they took prompt and effective remedial action to ameliorate the situation.

On September 15, 1995, the plaintiff filed a notice of claim with the defendants pursuant to General Municipal Law § 50–e, giving notice of an action for damages for battery, the intentional infliction of emotional distress, and the violation of state and federal civil rights. Fourteen days later, the Supervisors of Washington County authorized the hiring of the law firm of Ruberti, Girvin & Ferlazzo, P.C. of Albany, New York, to investigate the matter. The investigation was conducted between October 1, 1995 and November 13, 1995, by Kim E. Greene, Esq. On April 9, 1996, the Equal Employment Opportunity Commission issued the plaintiff a Notice of Right to Sue, indicating that she had ninety days to bring a claim against the defendants. Consequently, on July 3, 1996, the plaintiff filed this action.

## III. *DISCUSSION*

■ Generally, the Federal Rules of Civil Procedure allows discovery of any relevant matter relating to a claim or defense of the party seeking discovery. Fed.R.Civ.P. 26(b)(1). The Supreme Court construes relevancy in a broad and liberal manner. *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979); *Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 240–41, 13 L.Ed.2d 152 (1964); *Hick-*

Ms. Kim E. Greene.

*man v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391–92, 91 L.Ed. 451 (1947). Therefore, where it is reasonably calculated to lead to the discovery of admissible evidence, discovery is appropriate. *See Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir.1991). Although, in spite of this liberal thrust, confidential communications or information considered privileged customarily remains protected from disclosure during the discovery process.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, federal courts have the authority to protect privileged information from disclosure. *Herbert,* 441 U.S. at 177, 99 S.Ct. at 1649, 60 L.Ed.2d 115 (1979); *Lipinski v. Skinner,* 781 F.Supp. 131, 134 (N.D.N.Y.1991). As a result, independent precepts such as the attorney/client privilege and the work product doctrine shield litigants from the unfettered disclosure of privileged information during the discovery process. *See Upjohn Co. v. United States,* 449 U.S. 383, 386, 101 S.Ct. 677, 681, 66 L.Ed.2d 584 (1981); *United States v. Nobles,* 422 U.S. 225, 238, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975); *Hickman,* 329 U.S. at 508, 67 S.Ct. at 391–92; Fed.R.Civ.P. 26(b)(3).

■ As the oldest privilege for confidential communications, the attorney/client privilege encourages the "full and frank communication between attorneys and their clients ... promot[ing] broader public interests in the observance of law and administration of justice." *Upjohn,* 449 U.S. at 389, 101 S.Ct. at 682; *United States v. International Brotherhood Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL—CIO,* 119 F.3d 210, 214 (2d Cir.1997) (citing *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 348, 105 S.Ct. 1986, 1990–91, 85 L.Ed.2d 372, (1985)). However, the privilege is not absolute and cannot simultaneously be used both as a shield and a sword. *Clark v. United States,* 289 U.S. 1, 15, 53 S.Ct. 465, 469–70, 77 L.Ed. 993 (1933); *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.), *cert. denied,* 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991); *Vicinanzo v. Brunschwig & Fils. Inc.,* 739 F.Supp. 891, 893 (S.D.N.Y. 1990).

■ Codified at Rule 26 of the Federal Rules of Civil Procedure, the work product doctrine shields from discovery "documents and tangible things ... prepared in anticipation of litigation...." Fed.R.Civ.P. 26(b)(3). The doctrine preserves an attorney's professional ability to provide legal services in a manner that is private, confidential, and discrete from an adversary. *Hickman,* 329 U.S. at 511, 67 S.Ct. at 393–94. In addition, it "grants counsel an opportunity to think or prepare a client's case without fear of intrusion...." *In re Six Grand Jury Witnesses,* 979 F.2d 939, 944 (2d Cir.1992), *cert. denied,* 509 U.S. 905, 113 S.Ct. 2997, 125 L.Ed.2d 691 (1993). The doctrine "establish[es] a zone of privacy for strategic litigation planning ... prevent[ing] one party from piggybacking on the adversary's preparation." *United States v. Adlman,* 68 F.3d 1495, 1500 (2d Cir.1995). Finally, like the attorney/client privilege, the work product doctrine is not without limitations. Fed.R.Civ.P. 26(b)(3). Consequently, the qualified privilege is restricted by common sense and the practicalities of litigation. *Nobles,* 422 U.S. at 238, 95 S.Ct. at 2170.

■ Where a litigant asserts a claim that in fairness requires examination of a privileged communication, courts have held the protections of the attorney/client privilege and the work product doctrine implicitly waived. *See Bilzerian,* 926 F.2d at 1292 citing *United States v. Exxon Corp.,* 94 F.R.D. 246, 249 (D.D.C.1981); *Tribune Co. v. Purcigliotti,* No. 93 Civ. 7222, 1997 WL 10924, at *5 (S.D.N.Y. Jan. 10, 1997). Implicit waiver, also referred to as "at issue" waiver, exhibits several common characteristics. *Kidder, Peabody & Co. v. IAG International Acceptance Group, N.V.,* No. 94 Civ. 4725, 1997 WL 272405, at *4 (S.D.N.Y. May 21, 1997); *Tribune,* 1997 WL 10924, at *6. Such characteristics may include: (1) a litigant asserting a privilege; (2) placing "at issue" the protected communication through an affirmative act such as a claim of an affirmative defense; and (3) making the protected communication relevant information and necessary to the original claim of the adversary. *See Kidder,* 1997 WL 272405, at *4; *See also Tribune,* 1997 WL 10924, at *6.

■ In response to plaintiff's claim for a hostile work environment, the defendants assert an affirmative defense of appropriate remedial action.[2] Notwithstanding, the defendants argue that the investigation should not be considered a remedial action. Rather, it is the defendants' position that the investigation was authorized solely to deal with the anticipated litigation following plaintiff's notice of claim. For instance, defendants indicate that the remedial measure taken was more accurately plaintiff's prompt removal from the hostile work environment, not the authorization of the investigation. Thus, the defendants maintain that their affirmative defense does not place "at issue" the report and the notes of the investigation.[3] In the alternative, if the investigation is considered a remedial measure, the defendants argue that this determination does not defeat the fact that the report and the notes from the investigation are classified as material prepared in anticipation of future litigation.

Therefore, the defendants claim that the report, including Ms. Green's notes and opinions of the investigation, is privileged and protected by the attorney/client privilege and work product doctrine. Again, if considered a remedial measure, they further contend that the affirmative defense that the County took prompt, appropriate, and effective remedial action does not implicitly waive, as plaintiff has argued, the protections normally afforded privileged communications and information.

■ As noted above, almost immediately following the plaintiff's notice of claim, the Washington County Board of Supervisors authorized the law firm of Ruberti, Girvin & Ferlazzo, P.C., to perform an investigation regarding her claims. It is clear that the County desired to have the law firm conduct an independent investigation of the plaintiff's claims of sexual harassment. However, other than the defendants' conclusory claims, it is not clear what role the law firm would take or if they would participate at all in any possible future litigation. Nevertheless, for the purpose of these motions, the defendants' claim that the report and the notes of the investigation are privileged information embraced under the attorney/client privilege and the work product doctrine are accepted.[4] However, as discussed above, the attorney/client privilege and the work product doctrine are not absolute privileges, but rather qualified. Consequently, these privileges will yield where justice so requires.

It is established from the record that the decision to conduct the investigation occurred only fourteen days following the evidence that plaintiff filed a notice of claim with the County. Defendants' assertion that the investigation should not be considered a remedial measure is indubitably questioned. Contrary to the defendants' position, such an immediate response following plaintiff's notice of claim can reasonably be characterized as a remedial measure. Supporting this interpretation is the testimony of the County

2. The defendants have also asserted the affirmative defense that Endee's alleged conduct was not unwelcome by the plaintiff.

3. Counter to the defendants' assertions, the events surrounding the plaintiff's Title VII claim are intimately interwoven. For instance, on September 15, 1995, the plaintiff filed her notice of claim with the County. Three days later on September 18, 1995, on the advice of her physician, the plaintiff took a medical leave from work. On September 29, 1995, the County authorized an investigation which was immediately conducted by Ms. Greene. The investigation was conducted between October 1, 1995 and November 13, 1995. Following Endee's last day in office on December 31, 1995, the plaintiff returned to work on March 8, 1996, to discover she had been transferred to a new position. To distinguish one event and set it apart as unrelated and independent, suggests that such events

exist in a vacuum. Therefore, the defendants' claim that the investigation served a single purpose in preparing for future litigation ignores the complexities of the events surrounding this litigation.

4. This conclusion is not without suspicion. Advice from an attorney is privileged only to the extent that it reflects the client's confidential communications. *See Pray v. The New York City Ballet Co.*, No. 96CIV.5723, 1997 WL 266980, at *3 (S.D.N.Y. May 19, 1997) citing *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943–44 (2d Cir. 1992), *cert. denied*, 509 U.S. 905, 113 S.Ct. 2997, 125 L.Ed.2d 691 (1993). Thus, to the extent that Ms. Green's advice is based upon the investigation, the argument that it is privileged is seriously questioned because it is not based upon a confidential communication from a client. *See Pray*, 1997 WL 266980, at *3.

Administrator, Kevin Hayes ("Hayes"). During deposition, Hayes stated that in response to the plaintiff's claim, the County took prompt, appropriate, and remedial action by initiating an investigation. Also, Hayes indicated that the County began to remedy the hostile work environment by taking proper action pursuant to the results of the investigation. Consequently, the County's decision to have an independent investigation into plaintiff's allegations of sexual harassment can reasonably be considered a remedial measure.

Regarding plaintiff's claim that she was subjected to a hostile work environment, the defendants, as discussed above, contend that they took prompt and effective remedial measures following notice of plaintiffs allegations.[5] Essentially, the defendants have put "at issue" the measures utilized to remedy plaintiff's allegations of a hostile work environment. As long as the defendants continue to assert the affirmative defenses that they took effective remedial action and that Endee's alleged conduct was not unwelcome, the entire report is "at issue." Consequently, the defendants implicitly waived the protections customarily afforded privileged communications or information. Thus, discovery of the entire report and notes from the investigation are relevant and necessary with respect to plaintiff's claim that she was subjected to a hostile work environment.

Without allowing discovery of the entire report and the notes from the investigation, the defendants' protections under the attorney/client privilege and the work product doctrine are simultaneously used as a shield and a sword. Under such circumstances, the protections of the attorney/client privilege and the work product doctrine[6] shall not abide. See, e.g., Clark, 289 U.S. at 15, 53 S.Ct. at 469–70; Bilzerian, 926 F.2d at 1292; Vicinanzo, 739 F.Supp. at 893.

---

**5.** Realistically, the remedial measures were the investigation, the report, and any action taken as a result thereof. Therefore, the advice that the defendants received via the entire report, including the notes of the investigation, are relevant in determining what corrective actions, if any, were taken, and whether they were sufficient to placate plaintiff's allegations of a hostile work environment.

## IV. CONCLUSION

Plaintiff's allegations of sexual abuse involving unwelcome verbal remarks and offensive sexual advances from Endee, depict conditions that are at the very least alarming and shocking. Such conduct, if true, raises disturbing questions regarding the allegiance, fidelity, and character of the actions of individuals in public office. Thus, in resolving such issues that menace and threaten the safety of the work place, it is vital that litigants not be hindered in their search for the truth.

Therefore, it is

ORDERED that

1. Defendants' motion for a protective order is DENIED;

2. Plaintiff's motion to compel the production of the complete report and notes of the investigation is GRANTED;

3. Defendants shall serve certified copies of the same on or before January 30, 1998;

4. Plaintiff's motion to depose Kim E. Green, Esq. is GRANTED;

5. Ms. Green's deposition shall be conducted after the deposition of the parties have concluded; and

6. The report, notes, and deposition of Ms. green are subject to the terms and conditions of the Confidentiality Agreement of the parties subject to further order of this court.

IT IS SO ORDERED.

---

**6.** It is suggested that the "substantial need" standard under Rule 26 of the Fed.R.Civ.P. is not any more rigorous than the standard for "at issue" waiver. See Tribune, 1997 WL 10924 at *7. Consequently, the facts supporting the conclusion that the defendants implicitly waived their privileged protections additionally satisfy the criteria of Rule 26(b)(3) of the Fed.R.Civ.P.